91   373<br>149a  590

Edward H. Van Ingen and David T. Leahy, Respondents, *v.* Henry G. Hilton, Appellant.

*Costs — as a condition of opening a default — when payable.*

Where an order is made opening a default and also allowing an answer to be amended, and directing that the same, as amended, be served within five days, and this favor is granted upon the payment of certain costs, as to which there is no express provision in the order directing when they shall be paid, the attorney for the defendant has a right to assume that he is entitled to the time fixed by statute for the payment of costs, and is not in default because he did not pay them within the five days given to him for the service of his amended answer.

Appeal by the defendant, Henry G. Hilton, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 20th day of May, 1895, striking the action from the calendar of the Circuit Court.

*Rollin Tracy*, for the appellant.

*William H. Arnoux*, for the respondents.

Van Brunt, P. J.:

The plaintiffs brought this action against the defendant, and an answer was served, but said answer contained no plea of payment. The case having been placed upon the short cause calendar for trial, an inquest was taken by default and judgment entered. A motion was thereupon made to open the default and for leave to amend the answer, and an order was entered upon such motion on

the 8th day of May, 1895, opening the default upon condition that the defendant pay to the plaintiffs costs of the action before notice of trial and the costs of motion, and that the judgment entered stand as security.

The order further provided, in a separate paragraph, that the defendant might amend his answer by setting up therein the plea of payment, provided that said answer, so amended, was served upon the attorneys for the plaintiffs within five days from the entry of the order.

The order further provided, by another separate paragraph, that the case should be set down for trial on the short cause calendar for May 17, 1895. And the order further provided that, should the defendant fail to comply with any of the terms of the order within the time and in the manner therein provided for, his motion should be denied, with ten dollars costs to the plaintiffs.

On the 13th of May, 1895, a copy of the amended answer was served, without the payment of the costs, and the answer was returned with a notice of this objection. Two days thereafter a copy of the amended answer was tendered, with the costs, and the same refused. Thereupon, on affidavits submitted by both sides setting forth the facts, the cause was ordered to be stricken from the Circuit calendar.

The single question is, whether the defendant was in default in respect to the payment of costs. It is clear that he was not, by any express provision of the order. It can only be so held by assuming that he was bound to pay the costs within the five days provided for serving the amended answer. But as the order in question does not so limit the time to pay the costs, and as the order was drawn and entered by the respondents' attorney, it seems difficult to see how the court could impose such a penalty as the denial of the defendant's right to appear and defend, because of his alleged erroneous construction of an ambiguous order.

But we cannot find anything in the order which required the payment of these costs within five days. It may be true that it would have been proper to make such a provision. But the order did not so provide, and the attorney for the appellant had a right to rely upon the statutory time in which to pay these costs where no time was fixed in the order. And certainly he had a right to rely

upon this statutory provision until the time fixed for the trial. Such being the case, he having tendered the costs two days prior to the time fixed for trial, he certainly was in time and was not in default.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to strike the cause from the calendar denied, with ten dollars costs.

O'Brien, J., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.